
606B



**U.S. Department of Justice**

**Scott C. Blader**
**United States Attorney's Office**
**Western District of Wisconsin**

Telephone 608/264-5158
TTY 608/264-5006
Administrative Facsimile 608/264-5183
Civil Division Facsimile 608/264-5724
Criminal Division Facsimile 608/264-5054

Address:
222 West Washington Avenue
Suite 700
Madison, Wisconsin 53703

December 23, 2020

Joseph Bugni
Federal Defender Service
22 E Mifflin St #1000
Madison, WI 53703

    Re:    *United States v. Marquon Clark*
            Case No. 20-cr-00132-jdp

Dear Mr. Bugni:

       This is the proposed plea agreement between the defendant and the United States in this case.

       1.    The defendant agrees to plead guilty to the one-count indictment in this case. This count charges a violation of Title 18, United States Code, Section 844(i), and carries a mandatory minimum penalty of five years in prison and maximum penalties of 20 years in prison, a $250,000 fine, a three-year period of supervised release, and a $100 special assessment. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

       2.    The defendant acknowledges, by pleading guilty, that he is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel--and if necessary have the Court appoint counsel--at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

       3.    The defendant acknowledges, after consultation with his attorney, that he fully understands the extent of his rights to appeal the conviction and sentence in this

December 23, 2020
Page 2

case. By his signature below, the defendant knowingly and voluntarily waives all rights, including those conferred by 18 U.S.C. § 3742, to appeal his conviction and any sentence of imprisonment, including any issues with respect to the motion to suppress filed in this case, the calculation of the advisory sentencing guideline range, or the reasonableness of the sentence imposed.

4.  The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

5.  The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, give the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct which is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility. This recommendation is contingent on the defendant signing this plea letter on or before January 15, 2021.

6.  The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

7.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and based on an individualized assessment of the defendant and the factors set forth in 18 U.S.C. § 3553(a), the parties agree that a prison sentence between 72 and 108 months that runs concurrently to defendant's state revocation sentence (Dane County Circuit Court case numbers 12CF407; 13CF575; 15CF2143; 15CF2462; 16CF1277; 16CM835) is the appropriate disposition of this case. This sentencing recommendation binds the Court once the Court accepts the plea agreement. If the Court rejects the plea agreement and declines to impose a sentence of between 72 and 108 months that runs concurrently to the defendant's state revocation sentence, he may withdraw his guilty plea.

December 23, 2020
Page 3

    8.    The defendant agrees to pay restitution for all losses relating to the offense of conviction. The parties agree that the appropriate restitution figure based upon the defendant's relevant conduct in this case is $105,171.29. The defendant further agrees that the full amount of restitution is due and payable immediately. The defendant acknowledges that immediate payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately

    9.    In the event of an appeal by either party, the United States reserves the right to make arguments in support of or in opposition to the sentence imposed by the Court.

    10.    If your understanding of our agreement conforms with mine as set out above, please obtain the necessary signatures and return the plea letter to me. By his signature below, the defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed. The defendant also acknowledges his understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

    11.    By your signatures below, you and the defendant also acknowledge that this is the only plea agreement in this case.

Very truly yours,

SCOTT C. BLADER
United States Attorney

By:

/s/ *Aaron Wegner*

AARON WEGNER
Assistant United States Attorney

1/25/21
Date

1-25-21
Date

JOSEPH BUGNI
Attorney for the Defendant

MARQUON CLARK
Defendant

1-15-2021
Date