IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

      v.                                                 Case No. 20-cr-00132-jdp

MARQUON CLARK,

      Defendant.

---

GOVERNMENT'S SENTENCING MEMORANDUM

---

INTRODUCTION

The United States of America, by its attorneys Timothy M. O'Shea, Acting U.S. Attorney for the Western District of Wisconsin, and Aaron Wegner, Assistant United States Attorney, hereby submits this memorandum to aid the Court in the sentencing of the defendant, which is currently set for June 2, 2021.

FACTS

On June 24, 2020, at approximately 12:15 a.m., City of Madison surveillance camera footage showed a large group of protestors congregated at the corner of Doty and Carroll streets.[1]  In the video, the defendant can be seen crossing the street towards the City County Building ("CCB") with a plastic bottle in his hand.  The plastic bottle appeared to have a wick sticking out of it.

---

[1] Throughout the previous day, a small group of protestors had created havoc in downtown Madison, including tearing down statues near the Capitol and assaulting a state senator.

Approximately 25 minutes later, Dane County Dispatch employees inside the CCB heard glass breaking near their workspace and smoke was observed in the building. The CCB's fire alarms were then activated and employees began to evacuate the building. As a result of the fire, employees were unable to answer calls to the 911 Call Center for a period of time.

Photographs from the exterior of the CCB building taken at the same time showed the defendant and others throwing projectiles through the windows of the CCB. After the windows were broken, the defendant threw a lit roll of paper towels into the CCB.[2] Shortly thereafter, a fire can be seen inside of the building.

Officers responding to the CCB noticed a clear plastic bottle with a burned wick in the neck of the bottle, outside of the building. Inside the CCB, at the scene of the fire, investigators located two clear plastic bottles with burned necks. All three plastic bottles were sent to the ATF laboratory for latent prints and DNA testing.

Later that day, ATF agents walked through the arson scene at the CCB prior to the cleanup contractors making entry into the secured space. Agents observed items used as projectiles to break windows at the CCB prior to the fire. These projectiles included several rocks laying on the floor, a metal bar on a desk in the cubicle where the fire started, and a small hammer located on the floor close to the cubicle where the fire started.

---

[2] At the time the defendant attempted to set the CCB on fire, it was occupied by approximately 229 people, including approximately ten deputies with the Dane County Sheriff's Office and approximately 182 adult and juvenile inmates at the jail.

On June 30, 2020, the defendant was arrested by Madison police officers and his iPhone was seized. During a search of his iPhone, agents located geographic data that showed the defendant was in the vicinity of the CCB at the time of the arson.

On October 1, 2020, agents received a report from the ATF laboratory regarding the plastic bottle (found outside) and hammer recovered from scene of the CCB fire. According to the report, analysts discovered the defendant's DNA on the hammer and his girlfriend's DNA on the wick of the plastic bottle.[3]

The total cost of the damage to the CCB from the fire, including clean-up costs, was $105,171.29. Pursuant to his plea agreement, the defendant has agreed to pay restitution for the full amount of the damage.

## GUIDELINES

The PSR found that the defendant has an adjusted offense level of 21 and a criminal history category of VI. (PSR ¶¶80, 93). The resulting guideline range is 77-96 months. (PSR ¶93). The parties agree with this calculation.

## ARGUMENT

A.   Nature, Circumstances, and Seriousness of the Offense

While over 200 people were inside, including confined jail inmates, the defendant attempted to set the CCB on fire. Throwing burning objects into an occupied government building is not a protest, it is a crime that places lives at risk. While the fire was quickly extinguished due to the quick response of employees inside the CCB, it is

---

[3] Photographs from the exterior of the CCB show the defendant's girlfriend is in close proximity to him during the attempted arson.

not hard to imagine how many lives could have been lost if the fire had spread to other areas of the building. The defendant's actions on the morning of June 24 were senseless, dangerous, and in complete disregard for the lives of people inside of the building. It is impossible to fathom what could have motivated him to put innocent people's lives in jeopardy.

It is also important for the Court to consider that the defendant's crime was premediated, and involved the destruction of city cameras, the use of projectiles, and the use of plastic bottles filled with accelerant. The seriousness of his offense cannot be overstated. It is also extremely troubling that the defendant committed these offenses while on supervision for six separate criminal cases in Dane County. And, as discussed below, the defendant had only been out of prison for three months at the time of the crime.

      B.      <u>The History and Characteristics of the Defendant</u>

The defendant stands before the Court in Criminal History Category VI even though he is only 26 years old. His criminal history includes felony convictions for Receiving Stolen Property, Theft, Battery – Domestic Abuse,[4] Felony Bail Jumping, and Contact after Domestic Abuse. Based on his extensive criminal history, it appears that the defendant has been engaged in criminal conduct for the vast majority of his adult life.

---

[4] The facts of this conviction are particularly disturbing and involved the defendant violently attacking his girlfriend.

4

The defendant was released from prison on March 17, 2020. At the time of his release, he was on state supervision for six different convictions in Dane County between 2012-2016. The defendant knew that he faced another significant prison sentence if he committed any new crimes while on supervision. Despite this knowledge, the defendant made no attempt to live a law-abiding life and committed this offense only three months after his release from prison. Based on his record, the Court should have no confidence that he will change his ways in the future. It is also far from clear whether the defendant has genuine remorse for his criminal conduct in this case.

        C.        <u>Promote Respect for the Law and Provide Just Punishment</u>

The defendant's criminal history shows that he presents a clear and present danger to the community as a violent individual who has been a problem in the Dane County community since 2012. By imposing a significant prison term here, the Court will send a needed message to address the seriousness of this offense, promote respect for the law, provide just punishment, and deter the defendant from future criminal conduct.

CONCLUSION

Based on the serious nature of the defendant's convictions and his extensive criminal history, and after full consideration of the relevant § 3553(a) factors, the government asks the Court to impose a sentence of 108 months, which is one year above the high-end of the guideline range. While the government rarely advocates for a sentence above the guideline range, the defendant's attempt to set an occupied

government building on fire is beyond the pale and merits an upward variance. A sentence of 108 months will send a strong message to the defendant and the community that this type of criminal conduct will not be tolerated in Wisconsin.

Dated: May 28, 2021

                              Respectfully submitted,

                              TIMOTHY M. O'SHEA
                              Acting United States Attorney

By:      /s/
                              AARON D. WEGNER
                              Assistant United States Attorney